1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN D. STEIN,                              No.  2:14-mc-64-KJM-EFB

12              Plaintiff,

13       v.                                        ORDER

14   TRI-CITY HEALTHCARE DISTRICT, a
     California healthcare district, LARRY B.
15   ANDERSON, an individual,

16              Defendants.

17

18          On April 29, 2014, plaintiff filed a motion to quash a subpoena issued from this court by

19   counsel for defendant Tri-City Healthcare District.  ECF No. 1.  Defendant Tri-City Healthcare

20   District ("defendant") opposes the motion.  ECF No. 3.  For the following reasons, plaintiff's

21   motion to quash is denied.

22   I.     Background

23          Plaintiff filed a wrongful termination action against defendants Tri-City Healthcare

24   District and Larry Anderson in the United States District Court for the Southern District of

25   California on October 17, 2012.  *See Stein v. TCHD*, Case No. 12-cv-2524-BTM-BGS.  On

26   November 18, 2013, the assigned magistrate judge issued a Case Management Conference Order

27   /////

28   /////

1

1   Regulating Discovery and Other Pretrial Proceedings ("CMC Order").  Pl.'s Mot. to Quash, Ex.

2   D.  That order provided that:

3       All fact discovery shall be completed on or before **March 31, 2014.**
        "*Completed*" means that all discovery under Rules 30-36 of the
4       Federal Rules of Civil Procedure, and discovery subpoenas under
        Rule 45 must be initiated a sufficient period of time in advance of
5       the cut-off date, so *that it may be completed* by the cut-off date,
        taking into account the times for services, notice, and responses as
6       set forth in the Federal Rules of Civil Procedure."

7   *Id*. at Ex. D (emphasis in original).  The order further provided that all expert discovery was to be

8   completed by March 31, 2014.  *Id*.

9       After an initial amendment to the CMC Order, on March 25, 2014, the assigned magistrate

10  judge issued a second amended CMC Order, which set the cut-off date for fact discovery for

11  April 30, 2014, and expert discovery for May 30, 2014.  *Id*. at Ex. F.  On April 21, 2014,

12  defendant's counsel served a subpoena on the custodian of records for the California Employment

13  Development Department ("EDD").  *Id*. at Ex. A.  The subpoena requested "[a]ny and all records

14  regarding Steven D. Stein's claim for state disability benefits, including all unemployment and

15  state disability insurance records, job service records, and wages reported by quarter."  *Id*.

16  Responsive documents were to be produced in West Sacramento on May 8, 2014.  *Id*.

17      Plaintiff now moves to quash the subpoena, arguing that it was improperly issued by the

18  wrong court and that it violates the April 30, 2014 amended CMC Order.  ECF No. 1-1 at 1.

19  II.    Discussion

20      As set forth in the Federal Rule of Civil Procedure ("Rule") 26(b)(1), "[p]arties may

21  obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

22  defense . . . .  Relevant information need not be admissible at the trial if the discovery appears

23  reasonably calculated to lead to the discovery of admissible evidence."  Relevancy has been

24  construed broadly to "encompass any matter that bears on, or that reasonably could lead to other

25  matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v.*

26  *Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

27      Under Rule 45, any party may serve a subpoena on a non-party commanding the

28  production of designated documents for inspection.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  Effective

1    December 1, 2013, Rule 45 was amended to require a subpoena to be issued "from the court

2    where the action is pending." Fed. R. Civ. P. 45(a)(2).  However, the rule, as amended, still rests

3    authority to quash or modify a subpoena to the court for the district where compliance is required.

4    Fed. R. Civ. P. 45(d)(3).  "On timely motion, the court for the district where compliance is

5    required must quash or modify a subpoena that: fails to allow a reasonable time to comply; (ii)

6    requires a [non-party to travel more than 100 miles]; (iii) requires disclosure of privileged or other

7    protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

8    Fed. R. Civ. P. 45(d)(3)(A).  Further, Rule 45(d)(3)(B) provides that "[t]o protect a person subject

9    to or affected by a subpoena, the court for the district where compliance is required may, on

10   motion, quash or modify the subpoena if it requires: (1) disclosing a trade secret or other

11   confidential research, development, or commercial information, or; (ii) disclosing an unretained

12   expert's opinion or information . . . ."

13        Defendant argues that plaintiff's motion to quash should be denied because (1) plaintiff

14   does not have standing to quash the subpoena, (2) plaintiff failed to meet and confer prior to filing

15   the instant motion, and (3) the subpoena does not violate the amended CMC Order.  ECF No. 3 at

16   2-4.

17        A party has standing to challenge a subpoena served on a third party, pursuant to Fed. R.

18   Civ. P. 45(c)(3), based on a claim that the subpoena infringes upon the movant's legitimate and

19   privileged interests.  *United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (citations

20   omitted); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *see also* 9A Charles

21   Wright & Arthur Miller, *Federal Practice and Procedure*, § 2459 (3d ed. 2010) ("Ordinarily a

22   party has no standing to seek to quash a subpoena issued to someone who is not a party to the

23   action, unless the objecting party claims some personal right or privilege with regard to the

24   documents sought.").  "Since standing goes to the jurisdiction of the court, [plaintiff], as the party

25   attempting to invoke the court's jurisdiction, has the burden of demonstrating that [he] has

26   standing." *Tomison*, 969 F. Supp. at 596 (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269,

27   278 (1936)).

28   /////

3

1    Here, plaintiff has failed to show that he has standing to challenge the subpoena.  His only

2  grounds for moving to quash the subpoena are that (1) the subpoena should have been issued by

3  the United States District Court for the Southern District of California, rather than by this court,

4  and (2) that the subpoena seeks discovery in violation of the amended CMC Order.  Pl.'s Mot. to

5  Quash at 1.  Plaintiff has merely identified procedural defects in the subpoena; he has not raised a

6  personal interest or privilege regarding the documents sought.  Therefore, plaintiff has failed to

7  show that he has standing to quash the subpoena.[1]  Accordingly, plaintiff's motion is denied.[2]

8  III.    Conclusion

9    Accordingly, it is hereby ORDERED that:

10    1.  Plaintiff's motion to quash, ECF No. 1, is denied; and

11    2.  The Clerk is directed to close this miscellaneous action.

12  DATED:  May 6, 2014.

13

14    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

---

22    [1]  Plaintiff submitted with his reply to defendant's opposition a copy of the EDD's
objections to defendant's subpoena.  Pl.'s Reply, Ex. G.  The EDD objected to defendant's

23  request on the ground that it sought plaintiff's confidential records.  *Id*.  While the EDD declined
to produce the records on this basis, plaintiff does not move to quash the subpoena on similar

24  grounds.

25    [2]  This is not to say that defendant will necessarily be successful in obtaining the
documents.  EDD apparently has refused to provide them and there is not currently a motion to

26  compel before the court.  However, should defendant present such a motion, it shall address the
procedural defects argued by plaintiff, including whether under Rule 45 the subpoena should have

27  issued from the Southern District of California and whether it is subject to that court's Rule 16

28  scheduling order which imposed a discovery cutoff date.

4